**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                          Case No:  8:07-cr-402-T-30EAJ

VINCENT DEWAYNE BUSH
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's pro se Request for Relief from the Judgment Denying His Request for Reduction of Sentence Pursuant to Amendment 782 (Doc. 65).  Defendant seeks reconsideration of the Court's order denying his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

## BACKGROUND

Pursuant to a plea agreement, Defendant entered a guilty plea to (1) attempted possession and possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count I), (2) attempted possession and possession with intent to distribute less than fifty kilograms of marijuana and cocaine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(D) (Count II), (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count III), and (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count IV). (Docs. 20, 25).  After the Court accepted the plea, Defendant was sentenced to a total term

of imprisonment of 295 months, comprising 235 months' imprisonment on Count I, 60 months' imprisonment on Count II, and 120 months' imprisonment on Count IV, all to run concurrently, and 60 months' imprisonment on Count III, to run consecutive to the other counts.[1]  (Doc. 30).  Defendant did not file an appeal.

Several years after Defendant was sentenced, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35(c) and 18 U.S.C. § 3553(e) seeking a reduction of Defendant's sentence due to Defendant's substantial assistance.  (Doc. 38). The Court granted the government's motion, reducing Defendant's sentence to a total term of imprisonment of 211 months, comprising 151 months' imprisonment on Count I, 60 months' imprisonment on Count II, and 120 months' imprisonment on Count IV, all to run concurrently, and 60 months' imprisonment on Count III, to run consecutive to the other counts.  (Docs. 39, 40).

A hearing was held on the motion upon Defendant's request on June 17, 2014, and the Court reduced Defendant's sentence further, imposing a total sentence of 151 months, comprising 91 months' imprisonment as to Counts I and IV and 60 months' imprisonment as to Count II, all to run concurrently, and 60 months' imprisonment on Count III, to run consecutive to the other counts.  (Doc. 54).

---

[1] Because Defendant qualified as a career offender under United States Sentencing Guideline § 4B1.1, his total offense level was set at 37.  (Doc. 61).  Defendant received a three-level reduction for acceptance of responsibility, dropping his total offense level to 34.  With a criminal history category of VI and a further one-level reduction reflecting third-party cooperation on Defendant's behalf, Defendant's guidelines range was 235 to 293 months.  Therefore, Defendant's sentences on Counts I, II, and IV, were at the bottom of his guidelines range.  Count III required a consecutive sentence of sixty months.  *See* 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

On January 8, 2015, Defendant filed a motion for sentence reduction under § 3582(c)(2) and Amendment 782. The Court denied Defendant's motion, concluding that Defendant did not qualify for relief under Amendment 782 because Defendant was sentenced pursuant to the career offender guideline, § 4B1.1, and not pursuant to the drug quantity table in United States Sentencing Guideline § 2D1.1(c). (Doc. 64).

## DISCUSSION

Defendant contends that the Court erred in denying his requested relief under Amendment 782 because it did not consider the effect of United States Sentencing Guideline § 1B1.10(b)(2). (Doc. 65). Section 1B1.10(b)(2) provides:

> (A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

Section 1B1.10 is a binding policy statement governing motions for sentence reductions under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 826-28 (2010). Under § 1B1.10, if a court determines that a defendant is entitled to a sentence reduction pursuant to an amendment to the sentencing guidelines, the court cannot reduce the defendant's sentence below the amended guideline range except in cases where the

"original sentence imposed had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

Defendant's argument misses an important step in the application of § 1B1.10(b)(2). Before the Court can consider the *extent* of a reduction under § 1B1.10(b)(2), the Court must first determine that Defendant is entitled to a sentence reduction. In the present case, Amendment 782 is the vessel by which Defendant seeks a reduction. But Amendment 782 applies only to defendants sentenced under the drug quantity tables in § 2D1.1(c). Defendant's guideline range was not determined pursuant to § 2D1.1(c). Rather, Defendant was sentenced pursuant to § 4B1.1, the career offender guideline.

Because Defendant was sentenced under § 4B1.1, Amendment 782 did not lower Defendant's applicable guideline range. *See United States v. Salazar*, No. 15-12868, 2016 WL 556290, at *1 (11th Cir. Feb. 11, 2016) (concluding that a defendant whose guideline range was determined pursuant to § 4B1.1 was not entitled to relief under Amendment 782 because his applicable guideline range was unchanged by the amendment); *United States v. Simon*, No. 15-13456, 2016 WL 336201, at *2 (11th Cir. Jan. 28, 2016) ("[W]hen a defendant's offense level was determined by career offender status under § 4B1.1 rather than the quantity of the drugs involved in an offense under § 2D1.1, the defendant is ineligible for a § 3582(c)(2) reduction based on a subsequent amendment to the offense levels in § 2D1.1 . . . because the amendment would not lower the sentencing range upon which the defendant's sentence was based.").

Because Defendant is not entitled to a reduction under Amendment 782, the Court did not need to determine the extent of such reduction pursuant to § 1B1.10(b)(2). Stated differently, § 1B1.10(b)(2) places constraints on a court's ability to reduce a defendant's sentence if it is found that the defendant is entitled to a sentence reduction under one of the amendments recognized in § 1B1.10(d). What § 1B1.10(b)(2) does not do is provide a basis for a reduction of a defendant's sentence standing alone.

Consequently, the Court did not err in denying Defendant's motion for a sentence reduction under Amendment 782, and Defendant is not entitled to relief.

## **CONCLUSION**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's pro se Request for Relief from the Judgment Denying His Request for Reduction of Sentence Pursuant to Amendment 782 (Doc. 65) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of February, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record